LAW OFFICES OF

# Vincent S. Wong

*Attorneys at Law*

**Please Respond To:**
☐ 39 East Broadway, Suite 306
　New York, NY 10002

☑ 6008 8th Avenue
　Brooklyn, NY 11220

Phone: 212.888.0884
Phone: 718.234.8200
Fax: 718.833.1968
♦♦♦
Email: vswlaw@gmail.com
Website: vswlaw.com

December 31, 2020

**Sent Via ECF**
Judge Brian M. Cogan
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: **Chen v. Ako Restaurant Inc. et al**
     **20-cv-05281-BMC**
     **INITIAL CASE MANAGEMENT LETTER**

Dear Judge Cogan:

  This office represents Plaintiff Zhen Xing Chen ("Plaintiff") in the above referenced matter. Pursuant to the Court's December 14, 2020 Order, and in anticipation of the Initial Conference currently scheduled for January 5, 2021 at 1:00 P.M., the parties jointly submit the following initial conference letter.

**Legal Basis for Plaintiff's Claims and Jurisdiction**

  Plaintiff brings this action to recover unpaid minimum and overtime wages, spread of hours pay, failure to provide wage statements, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. 201 et seq. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law 650 et seq., and the wage order of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, 146).

  This Court has subject matter jurisdiction over this action, pursuant to 29 U.S.C. § 201 et seq. and 28 U.S.C. § 1331. This Court has jurisdiction over the State Law claim pursuant to 28 USC § 1367 since it is so related to the FLSA claim that it forms part of the same case or controversy. This Court has personal jurisdiction over Defendants because they are engaged in business within the State of New York, and the events complained of occurred in New York.

Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

**Brief Factual Bases of Plaintiff's Claims**

Plaintiff was employed by Defendants as a delivery person at the Defendants' restaurant located in Brooklyn from approximately April 2019 to September 2019. Plaintiff alleges that Defendants required Plaintiff to work in excess of forty (40) hours per week without providing the appropriate minimum and overtime compensation mandated by federal and state law and regulations.  Plaintiff was normally scheduled to work Sunday, Monday, Tuesday, Wednesday, Thursday, and Friday from 12:30pm to 11:30 pm, with no or de minimis breaks (66 hours per week). Plaintiff was paid twice per month, for a total of $1000 per month, regardless of the hours worked.

Plaintiff also alleges that Defendants violated the recordkeeping and notice/statement provisions of the NYLL. Defendants did not provide Plaintiff with proper wage stubs or hiring statement as required by New York Labor Law.

**Defendants Portion**

Defendants deny that Plaintiff worked for them and do not recognize Plaintiff by name or by picture on Plaintiff's driver license.  Defendants' counsel has request better quality pictures of Plaintiff.  However, due to the short duration (6 months) of employment claims, Defendants would like to request the discovery be put on hold while the case can be referred to mediation.  The parties will be able to participate remotely and hopefully the parties will recognize or not recognize each other.  It may help resolve the case instead of both parties spending substantial legal fees in conducting discovery for a claim for 6 months' employment.

**Contemplated Motions**

    The parties do not contemplate any motions at this time.

    We thank Your Honor for your time and consideration in this matter.

Respectfully submitted,

LAW OFFICES OF VINCENT S. WONG

/s/Vincent S. Wong
Vincent S. Wong, Esq. (VW9016)
Law Offices of Vincent S. Wong
39 East Broadway, Suite 306
New York, NY 10002
P: 212-349-6099
